Perry R. Clark, Cal. Bar. No. 197101
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road
Palo Alto, CA 94303
Telephone: (650) 248 5817
Facsimile: (650) 618 8533
Email: perry@perryclarklaw.com

Gregory M. Hess (*pro hac vice* forthcoming)
PARR BROWN GEE
& LOVELESS, PC
185 South State Street, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
Email: ghess@parrbrown.com

Attorneys for Plaintiff
ICON Health & Fitness, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 13-02413

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> IHEALTH LAB INC., a California corporation, <br><br> Defendant. | Case No. _____ <br><br> COMPLAINT FOR: <br> 1. FEDERAL TRADEMARK INFRINGEMENT; <br> 2. UNFAIR COMPETITION; <br> 3. FALSE ADVERTISING; <br> 4. DILUTION; AND <br> 5. COMMON LAW TRADEMARK AND TRADE NAME INFRINGEMENT. <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff ICON Health & Fitness, Inc. ("ICON") complains against Defendant iHealth Lab Inc. and for its causes of action alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction of this civil action under of 28 U.S.C. Section 1331 (federal question), 15 U.S.C. Section 1121 (trademarks), and 28 U.S.C. Section 1338(a) (trademarks) in that Claims 1 through 5 arise under the Trademark Act, 15 U.S.C. Section 1114(1) (trademark infringement), 15 U.S.C. Section 1125(a) (false designation of origin), and/or

1

Complaint

15 U.S.C. Sections 1125(c) (trademark dilution). This Court has supplemental jurisdiction over Claims 6 through 10 under 28 U.S.C. Section 1367(a), because those Claims arise from the common nucleus of operative facts complained of in Claims 1 through 5.

2. This Court has personal jurisdiction over Defendant because it is a resident or citizen of the State of California, has purposefully availed itself of the privilege of doing business in California, and/or has committed in California the acts and omissions hereinafter alleged.

3. Venue is proper under 28 U.S.C. Section 1391(b) because Defendant's regular and established place of business is in this judicial district and/or a substantial part of the events or omissions giving rise to ICON's claims occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

4. Pursuant to Civil L.R. 3-2(c), this intellectual property action shall be assigned on a district-wide basis.

## PARTIES

5. ICON is, and at all times herein mentioned was, a corporation duly organized and existing under the laws of the State of Delaware and maintains its principal place of business at 1500 South 1000 West, Logan, Utah 84321.

6. Upon information and belief, Defendant is a California corporation having a place of business 719 N. Shoreline Blvd., Mountain View, California 94043.

## ICON'S I FIT® BUSINESS

7. ICON is one of the leading health and fitness equipment manufacturers and suppliers in the world. Since at least as early as 1999, ICON has developed and continuously used the marks "I FIT" and "IFIT.COM" (collectively, the "IFIT Marks") in interstate commerce throughout the United States and throughout the world, on or in connection with various goods and services, including a website and corresponding fitness equipment and accessories through which users can set fitness goals, download and perform workouts, upload and track training and nutritional information, obtain personal training and fitness advice, and share workouts and other fitness information through an online community.

2

Complaint

8.  By way of example, an IFIT user can access and use the IFIT website at www.ifit.com. The IFIT system allows a user to download workouts and other information to a user's exercise equipment (e.g., treadmill, exercise bike, incline trainer) and/or upload training information, exercise results, and other information from the user's exercise equipment to the website. A user's uploaded information can be accessed and reviewed by a personal trainer, who can provide encouragement and training advice. In addition, a user may share his/her training and exercise information with additional users (e.g., friends and family) by way of a social network.

9.  ICON is the owner of the following relevant United States standard character trademark registrations:

| *Registration No.* | *Mark* | *Goods and Services* |
| --- | --- | --- |
| 2,618,509 | I FIT | Fitness and exercise machines (International Class 028) |
| | | Educational services, namely, conducting personal training in the field of health and fitness (International Class 041) |
| 2,466,474 | IFIT.COM | Providing information and consultation services in the field of exercise equipment and personal health, fitness and nutrition by means of a global computer network (International Class 035). |

10.  The foregoing standard character trademark registrations are valid, subsisting, and in full force and have become incontestable pursuant to 15 U.S.C. Section 1065.

11.  Since before the date of registration of the IFIT Marks, the IFIT Marks have been continuously used in interstate commerce.  Since the issuance of the registration of the IFIT Marks, notice has been given to the public that the IFIT Marks are registered trademarks by affixing notice provided in 15 U.S.C. Section 1111.

12.  Further, since ICON's first use of the IFIT Marks, ICON has made a substantial investment in marketing and promoting its goods and services under its IFIT Marks. ICON has used, advertised, promoted, and offered for sale goods and services in association with its IFIT

3

Complaint

Marks, such that ICON's customers and the general public have come to know and recognize the IFIT Marks and the public associates these marks with ICON and/or its goods and services.

13. ICON's IFIT Marks are distinctive and serve as a unique designation of origin with respect to the goods and services offered by ICON. ICON has acquired substantial goodwill in the IFIT Marks through use thereof.

14. In addition to the inherent distinctiveness of the IFIT Marks, ICON's IFIT Marks have acquired secondary meaning to the public indicating ICON as the source of goods and services bearing the IFIT Marks.

15. The IFIT Marks are widely recognized by the general consuming public of the United States as a designation of source of goods and services provided by ICON. Thus, the IFIT Marks are famous within the meaning of 15 U.S.C. Section 1125(c)(2).

## DEFENDANT'S CONDUCT

16. Upon information and belief, Defendant has used and is using the mark "IFITNESS" in connection with the following services:

> Communication services, namely, transmission of voice, audio, visual images and data by telecommunications networks, wireless communication networks, the Internet, information services networks and data networks; Communications by computer terminals; Communications services, namely, transmitting streamed sound and audiovisual recordings via the Internet; Electronic exchange of medical records across a nationwide health information network; Electronic mail and messaging services; Electronic mail services; Electronic mail services for data and voice; Electronic transmission of data and documents via computer terminals; Electronic transmission of mail and messages; Electronic transmission of messages; Electronic transmission of voice, data and images by television and video broadcasting; Electronic voice messaging, namely, the recording and subsequent transmission of voice messages by telephone; Electronic, electric, and digital transmission of voice, data, images, signals, and messages; Transmission and distribution of data or audio visual images via a global computer network or the internet; Transmission and reception of database information via the telecommunication network; Transmission of information via computers connected to the same telematic network; Wireless communications services, namely, transmission of graphics to mobile telephones; Wireless electronic transmission of voice signals, data, facsimiles, images and informations.

17. For example, Defendant has used the mark IFITNESS for a product that contains the features discussed in the document attached hereto and incorporated herein as Exhibit A.

18. Defendant has obtained a registration of the mark IFITNESS on the United States Supplemental Register, No. 4255495 (the "IFITNESS Registration").

4

Complaint

19. Defendant has also filed three applications to register the IFITNESS mark on the United States Principal Register (the "IFITNESS Applications"), for the following goods and services:

Alarm monitoring systems; Amusement apparatus adapted for use with an external display screen or monitor; Amusement apparatus and games adapted for use with television receivers or with video or computer monitors; Amusement machines, namely, hand-held electronic game units adapted for use with an external display screen or monitor; Apparatus and instruments for weighing; Baby monitors; Baby scales; Computer hardware and software system for remotely monitoring environmental conditions and controlling devices within a building, facility, grounds, or designated spatial area; Computer hardware and software system for tracking people, objects and pets using GPS data on a device on the tracked people, objects and pets; Computer hardware and software, for use with medical patient monitoring equipment, for receiving, processing, transmitting and displaying data; Computer monitors; Computer software, namely, electronic financial platform that accommodates multiple types of payment and debt transactions in an integrated mobile phone, PDA, and web based environment; Computer software, namely, game engine software for video game development and operation; Computer software, namely, software development tools for the creation of mobile Internet applications and client interfaces; Day and night vision systems primarily comprising day and night sensors, day and night cameras, power sources, communication means, monitors and operating software; Electric, electronic, or electrochemical oxygen monitors and sensors for environmental use; Electronic equipment for point-of-sales (POS) systems, namely, point-of-sale terminals, bar code readers, optical readers, advertisement display monitors, keyboards, printers, scanners, radio transmitters, radio receivers, computer hardware, and computer operating software; Pedometers; Scales; Speed indicators; Thermometers; Video and computer game programs; Video game software; Video monitors; Video output game machines for use with external display screen or monitor; Video recorders; Voice display monitors; Web cams; Weighing equipment, namely, scales and balances; Weighing scales; Wireless communication device featuring voice, data and image transmission including voice, text and picture messaging, a video and still image camera, also functional to purchase music, games, video and software applications over the air for downloading to the device; Wireless communication devices for voice, data or image transmission; Wireless controller to monitor and control the functioning of other electronic devices; Wireless digital electronic apparatus to secure and protect data and images on all forms of wireless equipment including mobile telecommunications equipment using an automatic synchronization process and alarm notification of the loss or theft of the wireless equipment including mobile telecommunications equipment; Wireless remote temperature and humidity monitors for building maintenance.

Apparatus for acupressure therapy; Apparatus for blood analysis; Baby bottle nipples; Blood glucose meter; Blood pressure and diabetic diagnostic medical devices; Blood pressure measuring apparatus; Blood pressure monitors; Blood testing apparatus; Body-fat monitors; Devices for measuring blood sugar; Devices for measuring blood sugar for medical purposes; EKG machines; Electric foot spa massagers; Electric massage apparatus for household use; Electric massage appliances, namely, electric vibrating massager; Electronic light therapy apparatus for the skin; Feeding bottles; Fetal pulse monitors; Fever thermometers; Health monitoring devices, namely, blood pressure monitors, thermometers and pedometers; Health monitors comprising sensor that monitor the health of the elderly or handicapped in their own homes; Heart monitors; Heart rate monitors; Heartbeat measuring apparatus; Lasers for the cosmetic treatment of the face and skin; Massage apparatus; Massage apparatus and instruments; Massaging apparatus

5

Complaint

for personal use; Medical apparatus and instruments for monitoring oxymetry, gas analysis, vital signs, blood properties and respiratory events; Medical apparatus and instruments for monitoring oxymetory, gas analysis, vital signs, blood properties and respiratory events and software sold therewith as a unit; Medical devices for monitoring oxymetory, gas analysis, vital signs, blood properties and respiratory events; Medical devices for monitoring oxymetory, gas analysis, vital signs, blood properties and respiratory events and software sold as a unit therewith; Medical devices for monitoring oxymetory, gas analysis, vital signs, blood properties and respiratory events and system that transmit the data through the Internet. Medical devices, namely, patient monitors and patient sensors for monitoring and measuring blood properties and respiratory events; Medical devices, namely, pulse oximeters; Medical diagnostic apparatus, analytical apparatus for medical purposes and blood pressure measuring apparatus; Medical instruments to measure blood pressure, cardiac output and other physiological and cardiovascular parameters; Nursing bottles; Physical exercise apparatus, for medical purposes; Pulse measuring devices; Pulse meters; Pulse rate monitors; Respiration monitors; Sphygmomanometers; Spirometer mouth pieces and tubing; Stethoscopes and sphygmomanometers; Surgical instruments and apparatus.

Advisory services in the field of product development and quality improvement of software; Design and development of automated controller systems, namely, temperature, humidity and electrical controllers; Design and development of computer software; Design and development of on-line computer software systems; Design and development of wireless communication systems for transmission and reception of voice, data and video; Design and development of wireless computer networks; Design, maintenance, development and updating of computer software; Providing a website featuring technology that enables users to organize and manage postmarked e-mails; Services for maintenance of computer software; Services for updating computer software; Software design and development; Updating and design of computer software; Updating and maintenance of computer software; Updating and rental of software for data processing; Writing and updating computer software.

20. In the IFITNESS Applications, Defendant has attested that it has a bona fide intention to use the IFITNESS mark for the above-referenced goods and services.

21. Defendant is therefore using the IFITNESS mark, and has attested to its intention of expanding its use of the IFITNESS mark, in connection with goods and services that are related, and in some ways identical, to the goods and services provided by ICON using its IFIT Marks.

22. In addition, the IFITNESS mark is confusingly similar to the IFIT Marks owned by ICON. For example, Defendant's mark is confusingly similar in sound, spelling, and appearance to the IFIT Marks. Indeed, Defendant's mark wholly incorporates the IFIT Marks, while merely expanding the "fit" word portion of the IFIT Marks to become "fitness." As a result, Defendant's mark is likewise similar to the IFIT Marks in connotation.

23. Thus, the IFITNESS mark and Defendant's present and/or planned associated goods and services so nearly resemble ICON's IFIT Marks and the goods and services with which

6

Complaint

they are used, so as to be likely to be confused therewith and mistaken therefor and to confuse, mislead, and deceive the consuming public as to the source or origin of Defendant's goods and services, to cause confusion or mistake as to the origin, sponsorship or approval of Defendant's goods and services and/or commercial activities, and/or to cause confusion or mistake as to the affiliation, connection, or association of Defendant and ICON.

24. Defendant's use of IFITNESS is unauthorized by and without the consent of ICON.

25. For these reasons, Defendant's use of the IFITNESS mark constitutes trademark infringement and the use of false designations of origin.

26. Also, because of the strong similarity in appearance, sound, and connotation of the IFITNESS marks used by Defendant to ICON's IFIT Marks, Defendant's use of the IFITNESS mark causes dilution of the IFIT Marks by blurring.

27. Moreover, any defect, objection, or fault in the goods and/or services sold or provided by Defendant under the IFITNESS mark will reflect negatively upon and injure the reputation that ICON has established for its products and services sold in association with or using the IFIT Marks, thereby causing dilution of the IFIT Marks by tarnishment.

28. Furthermore, Defendant's conduct constitutes unfair and deceptive business practices and the use of unfair, deceptive, untrue, and misleading representations.

29. Upon information and belief, ICON has suffered damages, and Defendant has earned illegal profits, in an amount to be proven at trial, as the result of the aforementioned acts. Moreover, unless restrained by this Court, Defendant's conduct will cause ICON irreparable harm, for which ICON has no adequate remedy at law.

**FIRST CLAIM**
**(Infringement of ICON's**
**Registered Trademark No. 2,618,509 (I FIT®))**

30. ICON realleges and incorporates by reference herein paragraphs 1 through 29, inclusive, each as if fully set forth herein.

31. By reason of the foregoing, ICON hereby asserts a claim against Defendant for injunctive and monetary relief pursuant to 15 U.S.C. Sections 1114(1), 1116, and 1117 with respect to Defendant's infringement of ICON's Registered Trademark No. 2,618,509.

7

Complaint

## SECOND CLAIM
### (Infringement of ICON's Registered Trademark No. 2,466,474 (IFIT.COM®))

32. ICON realleges and incorporates by reference herein paragraphs 1 through 31, inclusive, each as if fully set forth herein.

33. By reason of the foregoing, ICON hereby asserts a claim against Defendant for injunctive and monetary relief pursuant to 15 U.S.C. Sections 1114(1), 1116, and 1117 with respect to Defendant's infringement of ICON's Registered Trademark No. 2,466,474.

## THIRD CLAIM
### (False Designation of Origin)

34. ICON realleges and incorporates by reference herein paragraphs 1 through 33, inclusive, each as if fully set forth herein.

35. By reason of the foregoing, ICON hereby asserts a claim against Defendant for injunctive and monetary relief for false designation of origin pursuant to 15 U.S.C. Sections 1116, 1117, and 1125(a).

## FOURTH CLAIM
### (Unfair Competition in Violation of Section 43(a)(1)(A) of the Lanham Act)

36. ICON realleges and incorporates by reference herein paragraphs 1 through 35, inclusive, each as if fully set forth herein.

37. By reason of the foregoing, ICON hereby asserts a claim against Defendant for injunctive and monetary relief for unfair competition pursuant to 15 U.S.C. Section 1125(a)(1)(A).

## FIFTH CLAIM
### (Dilution of Famous Marks in Violation of Section 43(c) of the Lanham Act)

38. ICON realleges and incorporates by reference herein paragraphs 1 through 37, inclusive, each as if fully set forth herein.

39. The IFIT Marks became famous before Defendants began using the IFITNESS mark.

40. By reason of the foregoing, ICON hereby asserts a claim against Defendant for injunctive relief pursuant to 15 U.S.C. Section1125(c).

Complaint

## SIXTH CLAIM
### (State Law Trademark and Trade Name Infringement)

41. ICON realleges and incorporates by reference herein paragraphs 1 through 40, inclusive, each as if fully set forth herein.

42. By reason of the foregoing, ICON asserts a claim against Defendant for injunctive relief and monetary damages for trademark infringement under California law and/or the common law.

## SEVENTH CLAIM
### (State Law Trademark Dilution)

43. ICON realleges and incorporates by reference herein paragraphs 1 through 41, inclusive, each as if fully set forth herein.

44. By reason of the foregoing, ICON asserts a claim against Defendant for injunctive relief and monetary damages for trademark dilution under California Business & Professions Code, Section 14247 and/or the common law.

## EIGHTH CLAIM
### (Unfair Competition and Practices)

45. ICON realleges and incorporates by reference herein paragraphs 1 through 44, inclusive, each as if fully set forth herein.

46. By reason of the foregoing, ICON asserts a claim against Defendant for monetary and injunctive relief for unfair competition and practices, in violation of California Business & Professions Code, Section 17200 and/or the common law.

## NINTH CLAIM
### (Unjust Enrichment)

47. ICON realleges and incorporates by reference herein paragraphs 1 through 46, inclusive, each as if fully set forth herein.

48. Defendant has benefitted from its improper, unfair, and unauthorized use of the IFITNESS mark and other actions as alleged above.

49. Defendant fully appreciates and has knowledge of the benefits it has received as a result of such actions.

Complaint

50. Defendant would be unjustly enriched if it were permitted to retain the benefits obtained from such actions.

51. Equity and good conscience dictate that Defendant be required to account for and turn over to ICON a sum equal to the value of the benefit involuntarily conferred upon it.

## TENTH CLAIM
### (Constructive Trust)

52. ICON realleges and incorporates by reference herein paragraphs 1 through 51, inclusive, each as if fully set forth herein.

53. ICON is entitled to the profits that Defendant has derived from its wrongful acts.

54. ICON is informed, believes, and thereon alleges that Defendant owns and possesses tangible real and/or personal property and assets including, but not limited to, bank, savings, and other financial accounts, consisting of profits from or obtained by Defendant's wrongful acts.

55. It would be inequitable for the Defendant to be allowed to retain such tangible real and/or personal property and assets as against ICON.

56. Defendant therefore holds the above-referenced tangible real and/or personal property and assets as constructive trustees for the benefit of ICON.

## **PRAYER FOR RELIEF**

WHEREFORE, ICON demands judgment against Defendant iHealth Lab Inc. as follows:

A. Preliminarily and permanently enjoining Defendant and all other persons participating or acting in concert with it, from infringing or diluting any of ICON's trademarks, including but not limited to Registered Trademark Nos. 2,618,509 (IFIT) and 2,466,474 (IFIT.COM);

B. Preliminarily and permanently enjoining Defendant and all other persons participating or acting in concert with it from engaging in unfair competition, false designation of origin, and/or unfair or deceptive trade practices;

C. Awarding ICON its actual damages, requiring Defendant to account for and pay to ICON all of Defendant's illegitimate profits, and awarding ICON any additional damages that the Court deems just and equitable under the circumstances of the case;

10

Complaint

D. Awarding ICON, at its election, either treble or statutory damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117, on all claims asserted under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1);

E. Awarding ICON, at its election, either treble or statutory damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117, on all claims asserted under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

F. Awarding ICON prejudgment interest at the rate established under 26 U.S.C. § 6621(a)(2) from the date of service of the Complaint through the date of judgment;

G. Imposing a constructive trust on all tangible real and/or personal property and assets that Defendant obtained as a result of the wrongful acts alleged herein;

H. Awarding ICON prejudgment interest as otherwise allowed by law;

I. Awarding ICON its allowable costs and reasonable attorneys' fees; and

J. Awarding ICON such other and/or further relief as is just and equitable.

DATED this 29th day of May, 2013.

By: /s/ Perry R. Clark
Perry R. Clark, Cal. Bar. No. 197101
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road
Palo Alto, CA 94303
Telephone: (650) 248 5817
Facsimile: (650) 618 8533
Email: perry@perryclarklaw.com

Gregory M. Hess (*pro hac vice* forthcoming)
PARR BROWN GEE
& LOVELESS, PC
185 South State Street, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
Email: ghess@parrbrown.com

Attorneys for Plaintiff
ICON Health & Fitness, Inc.

Complaint

11

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues triable by jury.

DATED this 29th day of May, 2013.

By: _____
Perry R. Clark, Cal. Bar. No. 197101
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road
Palo Alto, CA 94303
Telephone: (650) 248 5817
Facsimile: (650) 618 8533
Email: perry@perryclarklaw.com

Gregory M. Hess (*pro hac vice* forthcoming)
PARR BROWN GEE
& LOVELESS, PC
185 South State Street, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
Email: ghess@parrbrown.com

Attorneys for Plaintiff
ICON Health & Fitness, Inc.

Complaint

# EXHIBIT A

# iFitness



### RECORD
Record daily activity and sleep conditions, and transmit the data to iphone, ipod touch or ipad via Bluetooth 4.0.



### TRACK
Track activity level and sleep efficiency, motivate you to be more active and improve your sleep quality.





### GRAPH
View historical data of Activity and sleep conditions, contains steps, distance, calories burned, sleep time and efficiency through easy-to-read graphs.



### SHARE
Share personal data and achievements with other people.



### SYNC
Store data on the free integrated cloud server for backup, and you can also browse the data and chart on website and communication with others in forum.