Perry R. Clark
California Bar No. 197101
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road
Palo Alto, CA 94303
Tel: (650) 248-5817
Fax: (650) 618-8533
perry@perryclarklaw.com

Gregory M. Hess (*pro hac vice*)
PARR BROWN GEE
& LOVELESS, PC
185 South State Street, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
Email: ghess@parrbrown.com

Attorneys for Plaintiff
**ICON HEALTH & FITNESS, INC.**

JEFFREY E. FAUCETTE (No. 193066)
SKAGGS FAUCETTE LLP
One Embarcadero Center, Suite 500
San Francisco, California 94111
Telephone: (415) 315-1669
Facsimile: (415) 433-5994
E-mail: jeff@skaggsfaucette.com

Attorneys for Defendant
**IHEALTH LAB INC.**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **ICON HEALTH & FITNESS, INC.,**<br>    **a Delaware corporation,**<br><br>        **Plaintiff**<br>    v.<br><br>**IHEALTH LAB INC.,**<br>    **a California corporation**<br><br>        **Defendants.** | **CASE NO. 13-CV-02413 JSW**<br><br>**INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Date: August 30, 2013**<br>**Time:  1:30 p.m.** |

INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 13-CV-02413 JSW

1

Pursuant to Civil L.R. 16-9 and this court's Standing Orders, the parties hereby submit the following Initial Joint Case Management Conference Statement in advance of the August 30, 2013 Initial Case Management Conference in this action.

**1.     JURISDICTION AND SERVICE**

This court possesses subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338(a) and (b), and 1367.

No parties remain to be served.

**2.     FACTS**

*Plaintiff's Statement:*

This is an action for trademark infringement, dilution, and unfair competition arising from Defendant's unauthorized use of the mark "IFITNESS", in violation of Plaintiff ICON Health and Fitness, Inc.'s rights in its registered trademarks I FIT® and IFIT.COM®.

ICON is one of the leading health and fitness equipment manufacturers and suppliers in the world. Since at least as early as 1999, ICON has developed and continuously used the marks "I FIT" and "IFIT.COM" (collectively, the "IFIT Marks") in interstate commerce throughout the United States and throughout the world, on or in connection with various goods and services, including a website and corresponding fitness equipment and accessories through which users can set fitness goals, download and perform workouts, upload and track training and nutritional information, obtain personal training and fitness advice, and share workouts and other fitness information through an online community.

For example, an IFIT user can access and use the IFIT website at www.ifit.com. The IFIT system allows a user to download workouts and other information to a user's exercise equipment (e.g., treadmill, exercise bike, incline trainer) and/or upload training information, exercise results, and other information from the user's exercise equipment to the website. A

user's uploaded information can be accessed and reviewed by a personal trainer, who can provide encouragement and training advice. In addition, a user may share his/her training and exercise information with additional users (e.g., friends and family) by way of a social network.

ICON is the owner of United States standard character trademark registrations for the IFIT Marks. Since before the date of registration of the IFIT Marks, the IFIT Marks have been continuously used in interstate commerce. Since the issuance of the registration of the IFIT Marks, notice has been given to the public that the IFIT Marks are registered trademarks by affixing notice provided in 15 U.S.C. § 1111.

Further, since ICON's first use of the IFIT Marks, ICON has made a substantial investment in marketing and promoting its goods and services under its IFIT Marks. ICON has used, advertised, promoted, and offered for sale goods and services in association with its IFIT Marks, such that ICON's customers and the general public have come to know and recognize the IFIT Marks and the public associates these marks with ICON and/or its goods and services. ICON's IFIT Marks also are distinctive and serve as a unique designation of origin with respect to the goods and services offered by ICON and ICON has acquired substantial goodwill in the IFIT Marks. In addition to the inherent distinctiveness of the IFIT Marks, ICON's IFIT Marks have acquired secondary meaning to the public indicating ICON as the source of goods and services bearing the IFIT Marks.

The IFIT Marks also are widely recognized by the general consuming public of the United States as a designation of the source of the goods and services provided by ICON. Thus, the IFIT Marks are famous within the meaning of 15 U.S.C. § 1125(c)(2).

Defendant is infringing on ICON's exclusive rights in trademark to the IFIT Marks by using the mark "IFITNESS" in connection with goods and services that are related, and in

some ways identical, to the goods and services provided by ICON using its IFIT Marks. Defendant's use of the IFITNESS mark includes use with a product and use to obtain U.S. Trademark Registrations.

The IFITNESS mark is confusingly similar to the IFIT Marks owned by ICON. For example, Defendant's mark is confusingly similar in sound, spelling, and appearance to the IFIT Marks. Indeed, Defendant's mark wholly incorporates the IFIT Marks, while merely expanding the "fit" word portion of the IFIT Marks to become "fitness." Defendant's mark is likewise similar to the IFIT Marks in connotation. As a result, the IFITNESS mark and Defendant's present and/or planned associated goods and services so nearly resemble ICON's IFIT Marks and the goods and services with which they are used as to be likely to be confused therewith and mistaken therefor and to confuse, mislead, and deceive the consuming public as to the source or origin of Defendant's goods and services, to cause confusion or mistake as to the origin, sponsorship or approval of Defendant's goods and services and/or commercial activities, and/or to cause confusion or mistake as to the affiliation, connection, or association of Defendant and ICON.

*Defendant's Statement*

Defendant iHealth Lab Inc. ("iHealth") designs innovative, mobile personal healthcare products. iHealth's products use the concept of self-monitoring to help people measure weight, blood pressure and other vital stats. Self-monitoring is not a new concept in healthcare, but the challenge with many products from other companies is that user data lives in the device only, and cannot be easily visualized, tracked or shared. iHealth integrates its monitoring products with mobile technology to allow its users to measure, track and share their data, and play a more active role in managing their health. iHealth currently offers a line of wireless scales, blood pressure monitors, wireless pulse oximeters, and wireless activity and sleep trackers.

1  These devices are all sold under the IHEALTH trademark.  iHealth also offers a free iHealth
2  MyVitals mobile app to bring all of its products to life.  The app allows users to customize the
3  products for their use, to set goals, track progress and get inspired to manage their personal
4  health.

5  iHealth currently owns Supplemental Registration No. 4,255,495 for the mark
6  IFITNESS.  As of October 16, 2012, iHealth had used the mark IFITNESS as depicted on the
7  specimen submitted to the United States Patent and Trademark Office (the "USPTO") in
8  connection with a booklet discussing the features of an application iHealth previously
9  marketed.  The mark IFITNESS is not being used currently with any goods or services offered
10 by iHealth, but iHealth has a bona fide intention to use the mark in commerce in the future.

11 iHealth's intended use of the IFITNESS mark does not pose a likelihood of confusion
12 with ICON's use of the IFIT mark for several reasons.  The prefix "i" is commonly used with
13 goods and services in the technology area, and it is highly dilute as a result making it unlikely
14 that consumers would associate uses of the prefix "i" with one another.  Similarly, the terms
15 "fit" and "fitness" when used with exercise and health products are highly descriptive and
16 dilute, making it unlikely that consumers would associate the terms "fit" or "fitness" with any
17 particular source or sources or assume that all uses of such terms come from the same source.
18 The goods offered by ICON and iHealth are not sufficiently related to cause consumers to be
19 likely to be confused.  ICON offers treadmills, elliptical trainers, exercise bikes and strength
20 training equipment under a variety of brands, and it offers an IFIT branded module that is
21 compatible with ICON's exercise equipment and allows consumers to access various training
22 programs through the module for use with their exercise equipment.  This use is different from
23 iHealth's current goods (sold under the IHEALTH trademark) and from iHealth's current
24 intended uses of the IFITNESS mark.

INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 13-CV-02413 JSW

It is unclear why ICON has taken the approach of filing this lawsuit. ICON has not opposed any of iHealth's IFITNESS trademark applications and/or registrations, and ICON is not currently seeking any relief regarding these applications and/or registrations. In any event, iHealth does not believe that there is any likelihood of confusion as a result of its current intended use of the IFITNESS mark.

**3.     Legal Issues**

*Plaintiff's Statement*

The legal issues in this action relate to ICON's causes of action for (1) federal trademark infringement in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (2) false designation of origin in connection with products and services distributed in interstate commerce, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1116, 1117, and 1125(a); (3) injunctive and monetary relief for unfair competition pursuant to 15 U.S.C. § 1125(a)(1)(A); (4) injunctive relief for dilution pursuant to 15 U.S.C. §1125(c); (5) injunctive relief and monetary damages for trademark infringement under California law and/or the common law; (6) injunctive relief and monetary damages for trademark dilution under California Business & Professions Code, § 14247 and/or the common law; (7) for monetary and injunctive relief for unfair competition and practices, in violation of California Business & Professions Code, § 17200 and/or the common law; (8) unjust enrichment; and (9) constructive trust.

*Defendant's Statement*

iHealth contends that the legal issues in this action are as follows:

(a) Is there a likelihood of confusion between ICON's use of the mark IFIT and iHealth's intended uses of the mark IFITNESS?

(b) Is ICON's IFIT mark sufficiently famous and/or distinctive to warrant protection under 15 U.S.C. §1125(c) and/or California Business & Professions Code §14247?

(c) Assuming that ICON prevails on any of its causes of action, are any damages available to ICON since iHealth is not currently using the IFITNESS mark, has no sales of products sold under the IFITNESS mark, and cannot have impacted ICON's sales of its IFIT-branded products?

(d) Is monetary relief available to ICON under California Business & Professions Code §17200 where ICON has not paid any money to iHealth? *See, e.g., Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003).

**4.   MOTIONS**

There are no pending motions.

**5.   AMENDMENT OF PLEADINGS**

*Plaintiff's Statement*

Plaintiff does not anticipate any amendment to the pleadings.  As such, plaintiff proposes that the deadline for amending the pleadings be October 25, 2013.

*Defendant's Statement*

iHealth does not anticipate any amendment to the pleadings.

**6.   EVIDENCE PRESERVATION**

*Plaintiff's Statement*

Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and has taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action per the ESI Guidelines 2.01 and 2.02 and Checklist for ESI Meet and Confer.

*Defendant's Statement*

iHealth has been advised regarding the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and has taken reasonable and

proportionate steps to preserve evidence relevant to the issues reasonably evident in this action per the ESI Guidelines.

**7.    DISCLOSURES**

The parties have stipulated that the deadline for compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 is August 30, 2013.

**8.    DISCOVERY**

*Plaintiff's Statement*

Plaintiff does not propose any changes the presumptive limits on discovery in the Federal Rules of Civil Procedure.

*Defendant's Statement*

iHealth does not propose any changes to the presumptive limits on discovery in the Federal Rules of Civil Procedure.

**9.    CLASS ACTION**

This is not a class action.

**10.   RELATED CASES**

There are no related cases.

**11.   RELEIF SOUGHT**

*Plaintiff's Statement*

Plaintiff ICON seeks judgment against Defendant (1) preliminarily and permanently enjoining Defendant and all other persons participating or acting in concert with it, from infringing or diluting any of ICON's trademarks, including but not limited to Registered Trademark Nos. 2,618,509 (IFIT) and 2,466,474 (IFIT.COM); (2) preliminarily and permanently enjoining Defendant and all other persons participating or acting in concert with it from engaging in unfair competition, false designation of origin, and/or unfair or deceptive

1 trade practices; (3) awarding ICON its actual damages, requiring Defendant to account for and 2 pay to ICON all of Defendant's illegitimate profits, and awarding ICON any additional 3 damages that the Court deems just and equitable under the circumstances of the case; (4) 4 awarding ICON, at its election, either treble or statutory damages in accordance with § 35 of 5 the Lanham Act, 15 U.S.C. § 1117, on all claims asserted under § 32(1) of the Lanham Act, 15 6 U.S.C. § 1114(1); (5) awarding ICON, at its election, either treble or statutory damages in 7 accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117, on all claims asserted under § 8 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (6) awarding ICON prejudgment interest at the 9 rate established under 26 U.S.C. § 6621(a)(2) from the date of service of the Complaint 10 through the date of judgment; (7) imposing a constructive trust on all tangible real and/or 11 personal property and assets that Defendant obtained as a result of the wrongful acts alleged 12 herein; (8) awarding ICON prejudgment interest as otherwise allowed by law; (9) awarding 13 ICON its allowable costs and reasonable attorneys' fees; and (10) awarding ICON such other 14 and/or further relief as is just and equitable.

*Defendant's Statement*

iHealth opposes ICON's request for relief.  iHealth seeks to recover its costs and the attorneys' fees it incurs defending this premature and unnecessary action.

**12.   SETTLEMENT AND ADR**

*Plaintiff's Statement*

The parties have stipulated to court-sponsored mediation and ICON believes that an initial round of written document discovery will help mediation to be most effective.

*Defendant's Statement*

iHealth has agreed to participate in a court-sponsored mediation.  Given that iHealth is not currently using the mark IFITNESS, iHealth does not believe that any written discovery is

INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 13-CV-02413 JSW

9

necessary prior to a mediation, and the costs of such discovery are unlikely to make the case easier to resolve.

**13.  DISCOVERY**

Plaintiff ICON has declined to consent to a magistrate judge for all purposes.

**14.  OTHER REFERENCES**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  NARROWING OF ISSUES**

The parties are not currently aware of any issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

**16.  EXPEDITED TRIAL PROCEDURE**

The parties do not believe this is a case that is suitable for the expedited trial procedure under the Expedited Trial Procedure of General Order No. 64.

**17.  SCHEDULING**

The parties have agreed to the following joint proposals for scheduling:

| Event | Deadline |
|---|---|
| Fact Discovery Cut-Off | April 17, 2014 |
| Designation of Experts | Designation of Expert on Issues for which Party Bears Burden of Proof:  April 17, 2014<br>Expert Depositions By: May 16, 2014<br>Designation of Rebuttal Experts: May 30, 2014<br>Rebuttal Expert Depositions By: June 27, 2014 |
| Expert Discovery Cut-Off | June 27, 2014 |
| Hearing on Dispositive Motions | October 24, 2014 |

INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 13-CV-02413 JSW

10

| Pretrial Conference | January 26, 2015 |
|---|---|
| Trial<br>(Estimated length: 5 days) | February 16, 2015 |

## 18. TRIAL

The parties' anticipate a 5 day jury trial.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

ICON has filed its "Certification of Interested Entities or Persons" pursuant to Civil Local Rule 3-16, a copy of which is attached hereto as Exhibit A.  iHealth anticipates filing its Certification prior to the case management conference.

## 20. OTHER MATTERS

The parties are not aware of any other matters to be addressed at the Initial Case Management Conference.

Dated:  August 23, 2013

ATTORNEYS FOR PLAINTIFF
ICON HEALTH & FITNESS, INC.

　　　　　　　/S/ Perry Clark
Perry R. Clark
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road
Palo Alto, CA 94303
Telephone: (650) 248-5817
Facsimile: (650) 618-8533
Email: perry@perryclarklaw.com

Gregory M. Hess (*pro hac vice*)
PARR BROWN GEE
& LOVELESS, PC
185 South State Street, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
Email: ghess@parrbrown.com

Dated: August 23, 2013

ATTORNEYS FOR DEFENDANT
IHEALTH LAB INC.

*/S/ Jeffrey Faucette*
Jeffrey E. Faucette
JEFFREY E. FAUCETTE (No. 193066)
SKAGGS FAUCETTE LLP
One Embarcadero Center, Suite 500
San Francisco, California 94111
Telephone:    (415) 315-1669
Facsimile:    (415) 433-5994
E-mail: jeff@skaggsfaucette.com

INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 13-CV-02413 JSW

12

Ex. A

Perry R. Clark
California Bar No. 197101
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road
Palo Alto, CA 94303
Tel: (650) 248-5817
Fax: (650) 618-8533
Email: perry@perryclarklaw.com

Gregory M. Hess (*pro hac vice*)
PARR BROWN GEE
& LOVELESS, PC
185 South State Street, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
Email: ghess@parrbrown.com

Attorneys for Plaintiff
**ICON HEALTH & FITNESS, INC.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **ICON HEALTH & FITNESS, INC.,** a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>**IHEALTH LAB INC.,** a California corporation<br><br>Defendants. | **CASE NO. 13-CV-02413 JSW**<br><br>**PLAINTIFF'S CERTIFICATION OF INTERESTED ENTITIES OR PERSONS PURSUANT TO CIVIL L.R. 3-16** |

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: HF Holdings, Inc., Free Motion Fitness, Inc., Scott Watterson, Gary Stevenson, and Credit Suisse Group.

| | |
|---|---|
| Dated: August 23, 2013 | ATTORNEYS FOR PLAINTIFF<br>ICON HEALTH & FITNESS, INC.<br><br>         /S/ Perry Clark<br>Perry R. Clark<br>LAW OFFICES OF PERRY R. CLARK<br>825 San Antonio Road<br>Palo Alto, CA 94303<br>Telephone: (650) 248-5817<br>Facsimile: (650) 618-8533<br>Email: perry@perryclarklaw.com<br><br>Gregory M. Hess (*pro hac vice*)<br>PARR BROWN GEE<br>& LOVELESS, PC<br>185 South State Street, Suite 800<br>Salt Lake City, Utah 84111<br>Telephone: (801) 532-7840<br>Facsimile: (801) 532-7750<br>Email: ghess@parrbrown.com |